JUDGE NATHAN **13 CIV 1348**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EDWARD PARKER,

                Plaintiff,

- against -

THE CITY OF NEW YORK, and
POLICE OFFICERS "JOHN DOE" #1-10,
individually and in their official capacities (the name
John Doe being fictitious as the true names are
presently unknown),

                Defendants.
-----------------------------------------------------------------x

DKT#:

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

RECEIVED FEB 28 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, EDWARD PARKER, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, EDWARD PARKER, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. The Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICERS "JOHN DOE" #1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about a day in the year 2012, POLICE OFFICER "JOHN DOE" #1-10 alleged to have observed the Plaintiff hand a small object to another person.[1]

14. POLICE OFFICER "JOHN DOE" #1-10 were not in a position where they could see what, if anything, was passed to another person by the Plaintiff.

15. POLICE OFFICER "JOHN DOE" #1-10 were unable to see what the purported small object was and were unable to ascertain whether it contained a narcotic substance.

16. Despite having no knowledge as to the contents of the small object that POLICE OFFICER "JOHN DOE" #1-10 claim was passed from the Plaintiff to another person, POLICE OFFICER "JOHN DOE" #1-10 arrested the Plaintiff for selling cocaine.

17. POLICE OFFICER "JOHN DOE" #1-10 had no basis whatsoever to believe that the Plaintiff possessed, sold, or transferred cocaine.

18. Although the Plaintiff was arrested for selling cocaine, the Plaintiff did not sell or transfer cocaine to anyone. Moreover, the Plaintiff was not in possession of cocaine.

19. It was unreasonable for POLICE OFFICER "JOHN DOE" #1-10 to believe that the Plaintiff had engaged in any drug sale on the day in question.

20. POLICE OFFICER "JOHN DOE" #1-10 had no probable cause to stop or arrest the Plaintiff.

21. Despite having no probable cause to arrest the Plaintiff, POLICE OFFICER "JOHN DOE" #1-10 arrested the Plaintiff and charged him with Criminal Sale of a Controlled Substance

---

[1] Exact dates and details cannot be given at this time. Due to Hurricane Sandy materials in Plaintiff's possession, which was associated with this case, have been destroyed. If necessary, an Amended Complaint will be filed after Rule 26 Disclosures are provided by the Defense.

in the Third Degree.

22. The Plaintiff was held in jail for approximately 2 weeks before he was released from custody.

23. The charges against the Plaintiff were dismissed.

24. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff EDWARD PARKER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the

supervision of ranking officers of said department.

30. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff EDWARD PARKER and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

33. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of EDWARD PARKER's constitutional rights.

34. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

37. Defendants lacked probable cause to initiate criminal proceedings against the

Plaintiff.

38. Defendants acted with malice in initiating criminal proceedings against the Plaintiff.

39. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

40. Defendants lacked probable cause to continue criminal proceedings against the Plaintiff.

41. Defendants acted with malice in continuing criminal proceedings against the Plaintiff.

42. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him were dismissed.

43. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants including subjected the Plaintiff to violations of his federally protected civil rights, including a False Arrest and Malicious Prosecution.

46. The acts complained of were carried out by the aforementioned defendant police officers in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the THE CITY OF NEW YORK, all under

the supervision of ranking officers of said department.

48. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK, include but are not limited to the following unconstitutional practices:

(a) Subjecting individuals to False Arrests and Malicious prosecution without probable cause;

(b) Violating the constitutional rights of citizens of the United States and State of New York.

49. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following: *Failure to properly train the Defendant Police Officers*.

50. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

51. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

53. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights

## DAMAGES AND RELIEF REQUESTED

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. All of the foregoing acts by defendants deprived EDWARD PARKER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

56. By reason of the aforesaid conduct by defendants, plaintiff EDWARD PARKER is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE**, Plaintiff EDWARD PARKER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       February 9, 2013

By: _____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
Attorney(s) for the Plaintiff
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832