UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
EDWARD PARKER,                                                                    *DKT#:13-cv-1348*

                        Plaintiff,                    **FIRST AMENDED COMPLAINT**

       - against -                                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, and                                  **ECF CASE**
SGT. FREDY CRUZ (Shield # 887),
P.O. BRENDAN REGAN (Shield # 29010),
and P.O. RICHARD BABOOLAL (Shield # 675)
individually and in their official capacities,

                        Defendants.
------------------------------------------------------------------------x

       Plaintiff, EDWARD PARKER, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

       3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

       4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, EDWARD PARKER, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. The Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675), were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## **FACTS**

13. On or about April 3, 2012, SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675), were jointly acting as a narcotics "field team" for the purpose of observing street-level narcotics transactions and making arrests of individuals engaged in the sale and/or transfer of narcotics.

14. SGT. FREDY CRUZ (Shield # 887) alleged that he observed an individual named HECTOR LOPEZ hand the Plaintiff a sum of United States Currency. In exchange, SGT. FREDY CRUZ (Shield #887) alleged that he observed Plaintiff hand a "small item" to HECTOR LOPEZ (hereinafter referred to as the "transaction").

15. The Defendant police officers alleged that the aforementioned transaction occurred at approximately 2:28 p.m. in front of 1963 Amsterdam Avenue in the County and State of New York.

16. SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675) were not in a position where they could adequately observe the aforementioned alleged transaction.

17. SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675), were "multi-tasking" by observing multiple individuals at the same time. Therefore, the Defendant police officers attention was divided.

18. SGT. FREDY CRUZ (Shield # 887), was unable to see what the purported "small

item" was and he was unable to ascertain whether it contained a narcotic substance.

19. SGT. FREDY CRUZ (Shield # 887) did not observe the plaintiff engage in any drug transaction with HECTOR LOPEZ.

20. Despite having no knowledge as to the nature and/or contents of the "small item" that SGT. FREDY CRUZ (Shield # 887), alleged to have observed being passed from the Plaintiff to HECTOR LOPEZ, and despite the fact that SGT. FREDY CRUZ (Shield # 887) did not actually observe the Plaintiff engage in any alleged drug transaction, the individually named Defendant police officers, SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675), arrested the Plaintiff for selling cocaine.

21. HECTOR LOPEZ was arrested by SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675), at 2:30 p.m.

22. According to SGT. FREDY CRUZ's (Shield # 887) memo book, HECTOR LOPEZ was referred to as "Def7", meaning "Defendant number 7". This means that HECTOR LOPEZ was the seventh (7th) individual that SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675), arrested as of 2:30 p.m. on April 3, 2012.  Because of the high volume of individuals being observed and arrested, the Defendant police officers were unable to pay adequate attention to citizens traversing the street and the Defendant police officers were at great risk of stopping and arresting an innocent citizen without probable cause.

23. The Plaintiff was arrested by the Defendant police officers approximately five (5) minutes after the alleged drug transaction.  The time of the plaintiff's arrest was at 2:33 p.m.

24. At the time the Plaintiff was arrested by the Defendant police officers he was located across the street from 494 West 158th Street in the County and State of New York.

25. At the time the Plaintiff was arrested he had in his possession ninety dollars ($90.00) in United States currency and five (5) bags of marijuana.

26. At the time HECTOR LOPEZ was arrested he had in his possession one (1) bag of powdered cocaine. The bag of cocaine recovered from HECTOR LOPEZ was of an aggregate weight of one-eighth ounce or more (one-eighth ounce of cocaine is also known as an "eight ball").

27. The retail street value of one-eighth (1/8) of an ounce of powdered cocaine (an "eight ball") in New York City varies between $120 to $180.[1]

28. The sum of United States currency recovered from Plaintiff's person at the time of his arrest, namely ninety dollars ($90.00), was below the retail street value of 1/8 of an ounce of powdered cocaine. Thus, the amount of money in Plaintiff's possession was inconsistent with Plaintiff having sold 1/8 of an ounce of powdered cocaine to HECTOR LOPEZ.

29. SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675) had no basis whatsoever to have arrested the Plaintiff for having possessed, sold, or transferred cocaine to anyone, including to HECTOR LOPEZ.

30. The Plaintiff was arrested and charged with Criminal Sale of a Controlled Substance in the Third Degree (a Class B drug felony) and Unlawful Possession of Marijuana (a violation).

31. P.O. BRENDAN REGAN (Shield # 29010) signed the criminal complaint charging the Plaintiff with the aforementioned crimes (see ¶ 30). According to the criminal complaint,

---

[1] *See* Drug Enforcement Administration (DEA) (department of justice).
*See also*, www.justice.gov/archive/ndic/pubs2/2580/cocaine.htm

P.O. BRENDAN REGAN (Shield # 29010) relied on information provided by SGT. FREDY CRUZ (Shield # 887) in preparing the criminal complaint.

32. Although the Plaintiff was arrested for selling cocaine, the Plaintiff did not sell or transfer cocaine to anyone. Moreover, the Plaintiff was not in possession of cocaine at any time on April 3, 2012.

33. Based on a totality of the circumstances, it was unreasonable for SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675) to arrest and criminally charge the Plaintiff for Criminal Possession of a Controlled Substance in the Third Degree on April 3, 2012.

34. SGT. FREDY CRUZ (Shield # 887), P.O. BRENDAN REGAN (Shield # 29010), and P.O. RICHARD BABOOLAL (Shield # 675) had no probable cause to stop or arrest the Plaintiff.

35. Upon information and belief, the source of which is the information either included or excluded from forms and documents provided as part of the defendant's Rule 26 disclosures, after Plaintiff's arrest the Defendant police officers knowingly, intentionally, willfully, and maliciously, failed to communicate to the New York County District Attorney's Office that the Plaintiff possessed a sum of currency that was less than the street value of the cocaine seized from HECTOR LOPEZ, and which was an indication that the Plaintiff did not sell cocaine to HECTOR LOPEZ.

36. Upon information and belief, the source of which is the information either included or excluded from forms and documents provided as part of the defendant's Rule 26 disclosures, after Plaintiff's arrest the Defendant police officers knowingly, intentionally, willfully, and maliciously, failed to communicate to the New York County District Attorney's Office that

because of the five (5) minute delay between the alleged drug transaction and the arrest of the Plaintiff, and because their attention had been divided amongst numerous people, the Defendant police officers, including SGT. FREDY CRUZ (Shield #887), could not adequately observe the purported drug transaction, nor the identity of the Plaintiff as the person who allegedly sold drugs.

37. According to the criminal complaint, *"[P.O. BRENDAN REGAN] is informed by Sergeant Fredy Cruz, shield #00887 of the 33rd Precinct, that Sgt. Cruz observed the defendant hand a small item to HECTOR LOPEZ . . .."* However, as set forth above in Paragraphs 16-36, SGT. FREDY CRUZ (Shield # 887), was unable to adequately observe any purported drug transaction or the identity of the Plaintiff as the person involved in the alleged drug transaction. Nonetheless, SGT. FREDY CRUZ (Shield # 887) communicated to P.O. BRENDAN REGAN (Shield # 29010) and the other members of the field team that he was able to adequately identify the Plaintiff as having engaged in a drug transaction while knowing that he could not make an adequate identification.  This was a material misrepresentation by SGT. FREDY CRUZ (Shield #887) to the other members of the field team.  Moreover, SGT. FREDY CRUZ (Shield #887) knew that his misrepresentations would be utilized by the New York County District Attorney's Office in making charging decisions.  Nonetheless, SGT. FREDY CRUZ (Shield #887), knowingly, intentionally, willfully, and maliciously, made material misrepresentations about his ability to observe and recall the events of the alleged drug transaction and his ability to observe and recall the identity of the individual who purportedly sold narcotics.

38. Being part of the field team, P.O. BRENDAN REGAN (Shield #887) knew that SGT. FREDY CRUZ (Shield #887) was not in a position to adequately observe the alleged drug transaction or the identity of the persons involved.  Nonetheless, he signed a criminal complaint

identifying the Plaintiff as having been involved in a drug transaction.

39. The Plaintiff was held in jail for approximately 1 week before he was released from custody.  The Plaintiff's incarceration was a direct and proximate result of the Defendant police officer's actions, which includes falsely arresting Plaintiff and subjecting him to malicious prosecution, all without probable cause.

40. The charges against the Plaintiff were dismissed.

41. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

44. All of the aforementioned acts deprived plaintiff EDWARD PARKER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

47. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of defendants' aforementioned conduct, plaintiff EDWARD PARKER and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

50. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of EDWARD PARKER's constitutional rights.

51. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants were directly and actively involved in the initiation of criminal

proceedings against the Plaintiff.

54. Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff.

55. Defendants acted with malice in initiating criminal proceedings against the Plaintiff.

56. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

57. Defendants lacked probable cause to continue criminal proceedings against the Plaintiff.

58. Defendants acted with malice in continuing criminal proceedings against the Plaintiff.

59. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him were dismissed.

60. As a result of the foregoing, plaintiff sustained, <u>inter</u> <u>alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### <u>MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983</u>

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants including subjected the Plaintiff to violations of his federally protected civil rights, including a False Arrest and Malicious Prosecution.

63. The acts complained of were carried out by the aforementioned defendant police officers in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

64. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the THE CITY OF NEW YORK, all under the supervision of ranking officers of said department.

65. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK, include but are not limited to the following unconstitutional practices:

> (a) Subjecting individuals to False Arrests and Malicious prosecution without probable cause;
>
> (b) Violating the constitutional rights of citizens of the United States and State of New York.

66. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following: *Failure to properly train and failure to properly supervise the Defendant Police Officers*.

67. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

70. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame,

indignity, damage to reputation, and deprivation of his constitutional rights

## DAMAGES AND RELIEF REQUESTED

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. All of the foregoing acts by defendants deprived EDWARD PARKER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

73. By reason of the aforesaid conduct by defendants, plaintiff EDWARD PARKER is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff EDWARD PARKER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       July 7, 2013                                           */S/ Bryan Konoski*
                                     By:   _____
                                                   BRYAN KONOSKI (BK2325)
                                                   Treyvus & Konoski, P.C.
                                                   *Attorney(s) for the Plaintiff*
                                                   305 Broadway, 14th Floor
                                                   New York, NY 10007
                                                   (212) 897-5832